# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANE RUSH, Independent Administrator of the Estate of SHEILA M. MACON, Deceased, and MARK MACON and TOWANA WILLIAMS, Independent Co-Administrators of the Estate of CIARA R. MACON, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCE TRUCK LINE LLC, GLOBAL FOCUS, LLC, STAR EXPRESS TRUCK LINES, LLC, and DANIEL G. BELAY, <br><br> Defendants. | Case No. 3:23-cv-01515 <br><br> [Removed from the Circuit Court for the Third Judicial Circuit. Madison County, Illinois, Law No. 2023LA000519] |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Advance Truck Line, LLC (hereinafter "Advance Truck Line"), by and through its attorneys, THE CHARTWELL LAW OFFICES, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the cause of action styled, *Diane Rush, Independent Administrator of the Estate of Sheila M. Macon, Deceased and Mark Macon and Towana Williams, Independent Co-Administrators of the Estate of Ciara R. Macon, Deceased v. Advance Truck Line, LLC, Global Focus, LLC, Star Express Truck Lines, LLC, and Daniel G. Belay, 2023LA000519*, originally filed and now pending in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, from said Circuit Court to the United States District Court for the Southern District of Illinois, East St. Louis Division. In support of its Notice of Removal, Defendant Advance Truck Line states as follows:

1.  Plaintiffs, Diane Rush, Independent Administrator of the Estate of Sheila M. Macon, (hereinafter "Rush") and Mark Macon and Towana Williams, Independent Co-

Administrators of the Estate of Ciara R. Macon, (hereinafter "Macon") (collectively referred to as "Plaintiffs"), filed a Complaint against Defendants, Advance Truck Line, Global Focus, LLC (hereinafter "Global Focus"), Star Express Truck Lines, LLC (hereinafter "Star Express") and Daniel Belay (hereinafter "Belay") (collectively referred to as "Defendants"), on March 31, 2023.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the complete file from the State Court is attached hereto and incorporated herein as **Exhibit A**.

### Subject Matter Jurisdiction

3. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because it could have originally been filed in this Court pursuant to 28 U.S.C. § 1332.

4. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. At the time of her death, Sheila M. Macon was a natural person and a citizen of the State of Illinois. Therefore, Plaintiff Rush shall be deemed a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(2).

6. At the time of her death, Ciara R. Macon was a natural person and a citizen of the State of Illinois. Therefore, Plaintiff Macon shall be deemed a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(2).

7. At the time the action was commenced and since then, Defendant Belay was and is a natural person and a citizen of the State of Maryland.

8. Defendant Advance Truck Line is a limited liability company with one member, Miaeylks Gebremichael, who is domiciled in the State of Virginia. Defendant Advance Truck Line is, therefore, a citizen of the State of Virginia pursuant to 28 U.S.C. § 1332.

9. Defendant Global Focus is a limited liability company with, upon information and belief, its sole member, Eyasu Werota, domiciled in the District of Columbia. Defendant Global Focus is, therefore, a citizen of the District of Columbia pursuant to 28 U.S.C. § 1332.

10. Defendant Star Express is a limited liability company with, upon information and belief, its sole member, Daniel Belay, domiciled in the State of Maryland. Defendant Star Express is, therefore, a citizen of Maryland pursuant to 28 U.S.C. § 1332.

11. Therefore, there is requisite diversity between Plaintiffs and Defendants.

12. Defendant Advance Truck Line can establish the amount in controversy requirement is met based upon Plaintiffs' allegations of injuries and the relief requested in their Complaint.

13. Each Plaintiff pled a count against the Defendants under Illinois' Survival Act and each Plaintiff, in the alternative, pled a count against the Defendants under Illinois' Wrongful Death Act. Although Plaintiffs do not plead a specific amount of damages, each count prays for "a sum in excess of $50,000.00".

14. The removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). When plaintiffs fail to plead the specific amount of recovery they seek, that burden is met with a "good-faith estimate of the stakes." *Oshana v. Coca-Cola, Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

15. Plaintiffs allege, under Illinois' Survival act, that the accident caused Sheila M. Macon and Ciara M. Macon to "suffer from acute trauma leading to [their] death", "severe pain and suffering and mental anguish", and "loss of enjoyment of a normal life." (*See*, Complaint at Counts 1 and 3, ¶¶ 17). In the alternative, Plaintiffs allege, under Illinois' Wrongful Death Act,

that the accident caused Sheila M. Macon and Ciara M. Macon to "suffer sever injuries leading to [their] death." (*See*, Complaint at Counts 2 and 4, ¶¶ 17). In addition it is alleged that their next of kin "suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent[s], as well as causing the next of kin great grief, sorrow, and mental suffering." (*See*, Complaint at Counts 2 and 4, ¶¶ 17).

16. Where Plaintiffs have alleged serious, permanent injures, Federal Courts in Illinois have concluded the amount in controversy requirement has been met. *See, e.g., Vance v. Hill*, 2019 U.S. Dist. LEXIS 36548, at *4-5 (C.D. Ill. 2019) (jurisdictional amount was satisfied where the plaintiff alleged severe and permanent injuries and associated medical costs arising from a traffic accident); *Beckum v. Dierbergs Edwardsville LLC*, 2015 U.S. Dist. LEXIS 67775, at *1 (S.D. Ill. 2015) (jurisdictional amount satisfied where plaintiff alleged bodily injuries, pain and medical expenses).

17. Thus, Plaintiffs' claims for damages arising from the deaths of Sheila M. Macon and Ciara R. Macon demonstrates that based on the preponderance of the evidence, the amount in controversy exceeds $75,000.00.

**Timeliness of Removal**

18. Defendant Belay and, upon information and belief, Defendant Stars Express were served on April 6, 2023. Defendant Advance Truck Line was served on April 18, 2023. Both dates of service are less than 30 days ago, so this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of receipt of service.

19. Upon information and belief, Global Focus has not yet been served.

**Venue and Other Matters**

20.     Because this action was originally filed in the Circuit Court of Madison County, Illinois, the action is properly removable to the United States District Court for the Southern District of Illinois, East St. Louis Division.  See, 28 U.S.C. §1441(a); 28 U.S.C. §93(c).

21.     Pursuant to 28 U.S.C. § 1446(d), Defendant Advance Truck Line will give written notice of the filing of this Notice of Removal to Plaintiffs and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Madison County, Illinois, the Court in which the action is currently pending.

22.     If any questions arise as to the propriety of the removal of this action, Defendant Belay requests the opportunity to brief any disputed issues and to present oral argument in support of removal.

23.     Pursuant to Local Rules, the Civil Cover Sheet is attached to this Notice of Removal as **Exhibit B**.

24.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant Advance Truck Line's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (a) lack of jurisdiction over the person, (b) improper venue, (c) insufficiency of process, (d) insufficiency of service of process, (e) improper joinder of claims and/or parties, (f) failure to state a claim, (g) failure to join indispensable party, or (h) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendant Advance Truck Line respectfully requests the above captioned action now pending in the Third Judicial Circuit, Madison County, Illinois, be removed to the

United States District Court for the Southern District of Illinois, East St. Louis Division, and for such other and further relief as the Court deems just and proper under the circumstances.

**DEFENDANT DEMANDS TRIAL BY JURY.**

STATE OF MISSOURI    )
                     ) SS
CITY OF ST. LOUIS    )

    Lawrence S. Hall, being first duly sworn upon oath, deposes and states that he is one of the attorneys charged with the defense of Defendant, Advance Truck Line LLC, in this action, that he has prepared the foregoing Notice of Removal on behalf of said Defendant, and he avers that his statements of insufficient knowledge to form a belief of certain allegations are true.

_____
Lawrence S. Hall

SUBSCRIBED AND SWORN to before me this 4th day of May, 2023.

_____
Notary Public — Kathryn Nicole Knipp

My Commission Expires: April 19, 2026

> KATHRYN NICOLE KNIPP
> Notary Public - Notary Seal
> STATE OF MISSOURI
> Commissioned for St. Louis County
> My Commission Expires: April 19, 2026
> Commission Number 22389151

                              ADVANCE TRUCK LINE LLC and DANIEL G. BELAY, Defendants

BY: */s/      Lawrence S. Hall*
                THE CHARTWELL LAW OFFICES, LLP
                    Lawrence S. Hall, #6307837
                    Matthew E. Kouri, #6339238

THE CHARTWELL LAW OFFICES, LLP
3636 S Geyer Road
Suite 100
St. Louis, Missouri 63127
Telephone 314.350.2640
PRIMARY E-MAIL: eservicestlouis@chartwelllaw.com
Secondary E-Service: lshall@chartwelllaw.com
Secondary E-Service: mkouri@chartwelllaw.com

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on May 4, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | |
|---|---|
| Eric J. Carlson<br>Byron Carlson Petri & Kalb, LLC<br>411 St. Louis St.<br>PO Box 527<br>Edwardsville, IL 62025<br>ejc@byroncarlson.com<br><br>*Attorneys for Plaintiff Diane Rush, Independent Administrator of the Estate of Sheila M. Macon, Deceased* | Andrea D. McNairy<br>Brown & Crouppen, PC<br>211 N Broadway Suite 1600<br>AndreaM@getbc.com<br><br>*Attorney for Plaintiff's Mark Macon and Towana Williams, Independent Co-Administrators of the Estate of Ciara R. Macon, Deceased* |

                                              /s/ Katie N. Knipp